IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO.  02-cv-3512 |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SERVICE OF PROCESS**

For the reasons set forth in the accompanying Memorandum of Law, it is respectfully requested that this Court enter an Order in the form attached dismissing plaintiff's Complaint against Defendant, Hartford Life, because the Defendant has never been properly served with the Complaint.

**SWEENEY & SHEEHAN**


By:_____
    Barbara A. O'Connell
    Identification No. 46461
    1515 Market Street, 19th Floor
    Philadelphia, PA 19102
    (215) 563-9811

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO. 02-cv-3512 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SERVICE OF PROCESS

### I. PROCEDURAL BACKGROUND

Plaintiff filed a Praecipe to Issue Writ of Summons in the Court of Common Pleas of Philadelphia County on May 3, 2002. Defendant's Notice of Removal pursuant to 28 U.S.C.A. Section 1441(b) was filed with the United States District Court for the Eastern District of Pennsylvania on May 31, 2002. The Honorable R. Barclay Surrick issued an order that Plaintiff must file his complaint by November 20, 2002. Plaintiff failed to comply with this order, filing his complaint on November 21, 2002. Furthermore, Plaintiff, in violation of Rule 4(m) of the Federal Rules of Civil Procedure, has failed to effect proper service of process on the Defendant for over seven and a half months.

### II. ARGUMENT

The Defendant requests an order dismissing the Plaintiff's action against the Defendant because the Plaintiff has failed to effect proper service of process under Federal Rule of Civil Procedure, 4(m).

F.R.C.P. Rule 4(m) states:

> Rule 4(m)--Time Limit for Service
>
> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action

> without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)."

Plaintiff has failed to effect proper service of process under Rule 4(m) because the Defendant has not been served with the Complaint for over seven and a half months since the filing of the complaint. In *Hillmon Company (V.I.) Inc. v. Hyatt International*, 899 F.2d 250 (3d Cir. 1990), the Court of Appeals for the Third Circuit dismissed the plaintiff's action pursuant to Federal Rule of Civil Procedure 4 because the plaintiff did not effect service of process until more than seventeen months had passed since the filing of the Complaint with the court. The Third Circuit specifically held that when a party has failed to meet the timeliness requirements of Rule 4, the action by that party must be dismissed. *Id*. at 252 (quoting *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987)).

This court dismissed a Complaint due to plaintiff's failure to effect timely service of process in *Momah v. Albert Einstein Medical Center*, 158 F.R.D. 66 (E.D. Pa. 1994). In *Momah*, the plaintiff filed the complaint on March 7, 1994. The plaintiff should have perfected service of process on the defendant by July 5, 1994. The defendant, however, was not served until July 6, 1994, one day after the deadline. Even with only a one day delay, because plaintiff failed to show good cause for the delay, this court dismissed the plaintiff's Complaint. In the present case, there is a seven and a half month delay in service of process to the defendants. As plaintiff has not shown good cause for this extraordinary delay, the Court should dismiss the plaintiff's Complaint.

### III.    CONCLUSION

The unanimous case law governing the timeliness requirement of F.R.C.P. Rule 4(m) requires courts to dismiss this action in which plaintiff has failed to effect timely service of process on defendant

without good cause.  Therefore, it is respectfully requested that this Honorable Court enter an Order in the form attached dismissing all claims against Hartford Life.

           **SWEENEY & SHEEHAN**

      By:_____
        Barbara A. O'Connell
        Identification No. 46461
        1515 Market Street, 19th Floor
        Philadelphia, PA 19102
        (215) 563-9811

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO. 02-cv-3512 |

## O R D E R

**AND NOW**, this           day of                    , 2003, it is hereby

**ORDERED** and **DECREED** that plaintiff's Complaint is dismissed with prejudice.

**BY THE COURT**:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MCKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO.  02-cv-3512 |

### CERTIFICATION OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing MOTION OF DEFENDANT TO DISMISS FOR LACK OF SERVICE OF PROCESS upon all interested counsel by United States Mail, First Class, on the date set forth below.

**SWEENEY & SHEEHAN**


By:_____
     Barbara A. O'Connell

DATE:       June 23, 2003

**INTERESTED PARTIES**:
Adrian R. Reid, Esquire
2207 Chestnut Street
Suite 200
Philadelphia, PA 19103