IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO. 02-CV-3512 |

**SURRICK, J.**                                                                 **AUGUST 22, 2003**

**M E M O R A N D U M  &  O R D E R**

Michael McKinnis ("Plaintiff") had a health insurance policy through Hartford Life ("Defendant"), his employer's insurance provider. After Plaintiff made a claim for short-term disability (STD) benefits and was denied the benefits, Plaintiff filed a Complaint alleging breach of contract and seeking to recover medical expenses, punitive damages, costs and attorney's fees. Presently before this Court is Defendant's Motion to Dismiss for Lack of Service of Process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Motion," Doc. No. 6). For the reasons that follow, Defendant's Motion will be denied.

**I.        FACTS**

In May, 2000, Plaintiff made a claim for STD benefits under his health insurance policy with Defendant. (Compl. ¶ 6). Plaintiff provided medical evidence for the claim, including "documentation of stress, anxiety and substance abuse." (Compl. ¶ 7). Defendant denied Plaintiff's claim. (Compl. ¶ 8). There is nothing in the record explaining why Defendant rejected Plaintiff's claim. Plaintiff alleges that as a result of Defendant's denial of his claim for STD benefits, he suffered damages in excess of $100,000 for unreimbursed medical expenses.

**II.       NATURE AND STAGE OF PROCEEDINGS**

On May 3, 2002, Plaintiff filed a Praecipe to Issue Writ of Summons in the Court

of Common Pleas of Philadelphia County. On May 31, 2002, before a complaint had been filed, Defendant filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(b). On November 6, 2002, this Court ordered Plaintiff to file a complaint by November 20, 2002, or be subject to dismissal without further notice. (Doc. No. 3). Plaintiff filed his complaint on November 21, 2002. (Doc. No. 1, 02-8571).

Defendant filed the instant Motion contending that Plaintiff failed to serve the complaint within the time provided by the Rule.

**III.     LEGAL STANDARD**

When considering a motion to dismiss a complaint for lack of service of process under Federal Rule of Civil Procedure 4(m),[1] this Court must consider whether "service of the summons and the complaint [was] made in time and [whether] plaintiff fail[ed] to demonstrate good cause for the delay." Lovelace v. Acme Markets, 820 F.2d 81, 84 (3d Cir. 1987).

**IV.     DISCUSSION**

Defendant seeks dismissal of all claims alleging that Plaintiff has failed to effect proper service because Defendant "has not been served with the Complaint for over seven and a half months since the filing of the complaint." (Def.'s Mot. to Dismiss at unnumbered p. 2).

---

[1]     Rule 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Fed. R. Civ. P. 4(m).

This matter was removed from the Court of Common Pleas of Philadelphia County to this Court on May 31, 2002. The record indicates that service was not perfected at the state level prior to removal. 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal ... such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Specifically, "[w]ith respect to cases commenced in state court and removed to federal court ... where service of process has not been perfected under state law prior to removal, the 120-day period allowed under FRCP 4(m) begins to run from the date of removal to federal court." 28 Federal Procedure, § 65:83 (Lawyer's Edition); Motsinger v. Flynt, 119 F.R.D. 373, 377 (M.D.N.C. 1988) ("the running of the 120-day period [starts] from the date of removal."). On November 6, 2002, this Court, on its own motion and pursuant to Federal Rule of Civil Procedure 6(b),[2] issued an Order directing Plaintiff to file his complaint by November 20, 2002. This Order effectively extended the time for the filing of the complaint.[3] Federal Rule of Civil Procedure

---

[2] Rule 6(b) provides that:

> Enlargement. When by these rules ... or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6 (b).

[3] 4B Wright & Miller, Federal Practice and Procedure § 1165 states that:

> Federal Rule 6(b) governs the enlargement of time periods prescribed by the federal rules or by an order of the district court.... The rule gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the

4(m) gives a plaintiff "120 days after the filing of the complaint" to effect proper service upon a defendant. Plaintiff filed his complaint on November 21, 2002.[4] Plaintiff had 120 days from November 21, 2002, to serve process upon Defendant. Service was attempted by certified mail addressed to Defendant at its place of business in Syracuse, New York. Service was directed to the attention of "Hartford Claims." The return receipt indicates that an individual by the name of Lisa Chapman (Chapman) signed for the service on November 26, 2002, just five days after the complaint was filed.

Despite the fact that the return receipt from Plaintiff's certified mailing confirms that Plaintiff's summons and complaint were signed for at Defendant's place of business, Defendant moves to dismiss for lack of service. Defendant appears to contend that no one at the Defendant's office who was authorized to accept service on Defendant's behalf, was aware that Plaintiff's service was received by Chapman.

It is Plaintiff's burden to show that service was proper. Plaintiff claims to have made proper service upon Defendant pursuant to Federal Rule of Civil Procedure 4(m) and 4(h) and the Pennsylvania Rules of Civil Procedure. Federal Rule of Civil Procedure 4(h) authorizes service upon corporations pursuant to the law of the state in which the district court is located, or

---

actual termination of the allotted time. The court's power to enlarge time under Rule 6(b), however, will be employed to achieve "the just, speedy, and inexpensive determination of every action' as required by Rule 1 ... Rule 6(b)(1) gives the court wide discretion to grant a request for additional time that is made prior to the expiration period.

[4]   This Court has inherent discretionary power to dismiss or disregard a plaintiff's failure to comply with a Court order. <u>U.S.N. Co., Inc. v. American Express Co.</u>, 55 F.R.D. 31 (E.D. Pa. 1972). Accordingly, we will disregard the fact that Plaintiff's filing was one day late.

by delivering a copy of the summons and complaint to an officer or agent authorized by appointment or law to receive service of process. Pa. R. Civ. P. 404 provides for service outside the Commonwealth by mail in the manner provided by Pa. R. Civ. P. 403. Rule 403 provides that "a copy of the process should be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Courts in this Circuit have concluded that service by certified mail under Rule 403 is proper service on out-of-state corporations. See Hemmerich Industries, Inc. v. Moss Brown & Co., Inc, 114 F.R.D. 31, 32 (E.D.Pa.1987) (finding service by certified mail on out-of-state corporate Defendant sufficient); Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204 (E.D. Pa. 1971). However, Pa. R. Civ. P. Rule 424 requires service on a corporation to be made upon specific individuals within the corporation.[5]

        While Plaintiff's attempt to serve an out of state defendant by certified mail was proper, Plaintiff must also show that service was made upon a proper agent of the corporation. Hemmerich, 114 F.R.D. at 32. Neither Plaintiff nor Defendant has provided any documentation that Chapman, the individual who signed for the complaint, is or is not a proper agent of

---

[5]Rule 424 specifically provides:

> Service of original process upon a corporation or similar entity shall be made by handling a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Defendant. In fact, there is nothing in the record that indicates what position or type of employment Chapman held at Hartford Life and neither the "agent" nor "addressee" box next to Chapman's signature on the return receipt was checked. We have no way of knowing the nature of Chapman's work, her authority, or the scope of her duties.

The facts of Richman, Berenbaum & Assoc., P.C. v. Carolina Casualty Co., Civ. A. No. 02-3195, 2002 WL 1895900, at *5-6, (E.D. Pa. Aug. 14, 2002), are similar to those in the instant matter. In Richman, service was sent to a corporation and was signed for by an individual by the name of Peg Kirby. The Court determined that, despite the plaintiff's failure to provide any documentation that Peg Kirby was an agent of the corporation, "[we] will allow plaintiffs to perfect service of process in accordance with the Federal Rules of Civil Procedure" because the defendant "is not disputing actual notice and the statute of limitations has not yet run." See also Quality Sales Int'l, Inc. v. Robinson Transp. Serv., Civ. A. No. 87-1754, 1989 WL 9352, at *1 (E.D. Pa. Feb. 7, 1989) (finding "just cause" for extension of time to perfect service when plaintiff believed a signature next to the "agent" box indicated proper service, when the signer was actually not an agent). Cf. Hemmerich, 114 F.R.D. 31 (quashing service when a plaintiff failed to provide documentation that an individual who signed for service was an agent of the corporation).

Like the Plaintiff in Richman, Plaintiff in the instant matter received the postal receipt signed by an individual and neither the "agent" nor "addressee" box was checked. Plaintiff could have reasonably believed that Chapman was an appropriate agent of Hartford Life and that service was therefore proper. Although this does not validate service that is otherwise improper, it does provide a reasonable explanation as to why Plaintiff concluded that proper service had been made within the 120-day limit. Under the circumstances we will permit Plaintiff

6

to perfect service of process in accordance with the Federal Rules of Civil Procedure within 20 days of the date of the Order.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | |
| | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO. 02-CV-3512 |

**O R D E R**

**AND NOW,** this 22nd day of August, 2003, upon consideration of Defendant's Motion to Dismiss for Lack of Service of Process (Doc. No. 6), and all papers filed in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED. Plaintiff shall, within 20 days of the date of this Order, perfect service on Defendant in accordance with the Federal Rules of Civil Procedure.

BY THE COURT:

_____
R. Barclay Surrick, Judge