**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO.  02-cv-3512 |

<u>          DEFENDANT, HARTFORD LIFE'S  MEMORANDUM OF LAW
          IN SUPPORT OF MOTION TO DISMISS ALL COUNTS OF
          PLAINTIFF'S COMPLAINT AS PREEMPTED BY ERISA</u>

**I      STATEMENT OF THE FACTS**

Plaintiff commenced the present action by filing a Writ of Summons with Court of Common Pleas of Philadelphia County on May 3, 2002 against Defendant, "Hartford Life".  On May 31, 2003, Defendant Hartford removed this action to this Court as the matters at issue are within the original jurisdiction of this court.  <u>See</u> 28 U.S.C.A. §1001, *et seq.*; 28 U.S.C.A. §1132.

Plaintiff has now filed a Complaint in the above-captioned action and although the service of this Complaint is still questionable, Hartford is choosing not to contest service at this time.

The Complaint in the instant matter is attached hereto as Exhibit "A".  In this Complaint, Plaintiff avers three counts.  Count I for Breach of Contract, Count II for Promissory Estoppel, and Count III for Bad Faith.  It is unclear whether Count III seeks relief based on a statute or common law theory however, it is clear that all three counts are based on Pennsylvania state law.

Plaintiff's Complaint admits that Plaintiff Michael McKinnis was an insured employee covered by a group short-term disability policy issued to his employer, Worldcom Incorporated, with Hartford Life.  <u>See</u> Exhibit "A" at ¶4 and ¶5.   Plaintiff instituted the present action averring that Defendant wrongfully denied Plaintiff's claim for short term disability benefits.  Exhibit "A", ¶¶7,8.  For the

purpose of this Motion to Dismiss only, the facts as alleged by Plaintiff in his Complaint must be accepted as true. Plaintiff is a beneficiary of a group short-term disability policy issued by the Defendant to Plaintiff's employer Worldcom, Incorporated. Exhibit "A," ¶4. The Worldcom Group Short Term Disability Policy provides benefits for short-term disability. (Exhibit "A", ¶¶4-8 and The Group Short Term Disability Policy, attached as Exhibit "B").

The policy of insurance for short-term disability specifically provides that the policy holder is Worldcom, Incorporated. (Exhibit "B" at p.3)  An eligible employee is defined as "[a]ll active full-time employees.  (Exhibit "B" at p.3).  A full-time employee is someone who works for the employer on a regular basis in the usual course of the employer's business.  (Exhibit "B" at p.4). The Group Short Term Disability Plan is expressly identified as an ERISA plan.  (Exhibit "B", at p.16).

## II.   STATEMENT OF THE LAW

### A.   Standard for Granting a Motion to Dismiss

When reviewing a Motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations contained within Plaintiff's Complaint as well as reasonable inferences that may be drawn therefrom, viewing these facts in the light most favorable to the non-moving party. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989); Rocks v. City of Philadelphia, 865 F.2d 644, 645 (3rd Cir. 1989); Zlotnick v. TIE Communications, 836 F.2d 818, 819 (3rd Cir. 1998).

A Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is the proper means by which a defendant challenges the legal sufficiency of a Complaint.  Jones v. Hinton, 857 F. Supp. 41 (E.D. Pa. 1994).  To survive a Motion to Dismiss, the plaintiff must set forth facts, and not

-2-

mere conclusions, which state a claim as a matter of law.  Taha v. I.N.S., 828 F. Supp. 362, 364 (E.D. Pa. 1993).  The court will grant a motion pursuant to Rule 12(b)(6) if the non-moving party cannot prevail legally under the set of facts alleged.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3rd Cir. 1990).

At Counts I, II and III of his Complaint, Plaintiff avers state law claims against Defendant for an alleged Breach of Contract, Promissory Estoppel, and Bad Faith.  All counts are state law causes of action pre-empted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1001, *et seq.*

> B.     The Short Term Disability Insurance Policy Issued to
>        Worldcom Incorporated Is An Employee Welfare
>        Benefit Plan As Defined by ERISA

ERISA defines an "employee welfare benefit plan" as

> Any plan, fund or program which was heretofore or is hereafter
> established or maintained by an employer or by an employee
> organization, or by both, to the extent that such plan, fund or program
> was established or is maintained for the purpose of providing for its
> participants as their beneficiaries, through the purchase of insurance or
> otherwise, (A) medical, surgical or hospital care benefits, or benefits in
> the event of sickness, accident or disability, death

29 U.S.C. §1002(1) (1998). The Third Circuit has ruled that a "plan, fund, or program under ERISA is established if, from the surrounding circumstances, a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits". Deibler v. United Food and Commercial Worker's Local Union 23, 973 F.2d 206, 209 (3rd Cir. 1992). The four criterion identified by the Third Circuit in Deibler are satisfied in this case. The intended benefits are the short-term disability benefits.  The intended beneficiaries are salaried

-3-

employees.

The Group Short Term Disability Policy clearly establishes that the benefits provided to Plaintiff were part of an employee welfare plan as contemplated by ERISA. The Group Short Term Disability Policy specifically provides that the policy holder is the Plaintiff's employer, Worldcom Incorporated. (Exhibit "B" at p.3)  Additionally, the Plan document provides that, in order to receive benefits under the Plan, a beneficiary must be an "Active Full-time Employee" of the Policyholder. (Exhibit "B" at p.3). An "Active Full-time Employee" is defined by the Plan as "a . . . employee who works for the Employer on a regular basis in the usual course of the Employer's business." (Exhibit "B" at p.4). Accordingly, the Plan is a "plan, fund or program . . .established or . . .maintained for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. §1001.

The Group Short Term Disability policy expressly states it is governed by ERISA.  (Exhibit "B" at p.16)  Lastly, the Group Short Term Disability Policy contains a detailed description of the ERISA claim and appeal procedures. (Exhibit "B" at pp.16-17.)

Accordingly, the Group Short Term Disability Policy issued by Defendant to Worldcom is an employee welfare benefit plan as defined by ERISA.

      C.     Counts I, II and III of Plaintiff's Complaint Must Be Dismissed
                For Failure To State  a Claim Upon Which Relief Can Be Granted
                Because  the Claims Are Pre-empted Under ERISA

Counts I, II and III of Plaintiff's Complaint allege Pennsylvania state law claims.  These claims are preempted under ERISA.  The express language of ERISA preempts any type of state law breach of contract claim under the following provision:

>[t]he provisions of the sub-chapter . . . shall supercede any and all state laws in so far as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a). The Third Circuit has determined that any claim that 'relates to' an ERISA plan is pre-empted. The 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401 (3d Cir. 1992), *cert. denied*, 506 U.S. 1086 (1993). Specifically, any claim for benefits available pursuant to a Plan is pre-empted by ERISA. Kolb v. Livengrin, 1992 U.S. Dist. LEXIS 17172 (E.D. Pa. November 9, 1992) (by Stewart Dalzell, J.). "A state law breach of contract action 'related to' an ERISA Plan" and was pre-empted by ERISA because analysis of any such claim depends upon the provisions of the Plan. Grabski v. Aetna, Inc., 43 F. Supp. 521 (E.D. Pa. 1999); *citing*, Nobers, 968 F.2d at 406. Claims are pre-empted under ERISA when they "arise from the manner in which Defendant administered benefits or . . . are premised on the type or extent of benefits Defendant promised or provided." Zinman v. Prudential Ins. Co. of America, 909 F. Supp. 279 (E.D. Pa. 1995); *citing* Carney v. U.S. Healthcare, Inc., 859 F. Supp. 182, 184-85 (E.D. Pa. 1974).

In the instant case, Plaintiff alleges that he was insured under the Group Short Term Disability Insurance Policy and, as a result of his injuries, he was qualified and eligible to receive payment of short-term disability benefits "from Defendant for disability, as defined under the policy... ." (Exhibit "A", Complaint, ¶¶4-8). Plaintiff alleges that "Defendants have breached the terms of the short term disability policy by failing to authorize benefits to the Plaintiff. (Exhibit "A" at ¶10). This assertion alleges, in essence, breach of contract. This is the identical type claim memorialized in Count II for Promissory Estoppel whereby Plaintiffs allege "Defendants should have reasonably expected that their promises and representations to the Plaintiff could be called upon at any time" and "by virtue of the

foregoing, injustice can only be avoided by ruling the promises and representations made by the Defendants." (Exhibit "A" at ¶¶13-14). These assertions allege breach of contract and the contractual theory of promissory estoppel. The Policy, as discussed above, is an "employee welfare benefit plan" within the purview of ERISA. Any analysis of Plaintiff's claim for benefits will depend upon the provisions of the plan. Accordingly, all state law claims for benefits arising from the Policy are preempted as a matter of law.

        D.    <u>Plaintiff's Claim for Bad Faith Is Preempted by ERISA</u>

               1.    Plaintiff's Claim Alleging Common Law Bad Faith
                     Is Preempted

Count III specifically states: "In violation of the policies and laws of the Commonwealth of Pennsylvania, Defendant Hartford Insurance unfairly, and reasonably and in bad faith withheld and/or unreasonably delayed various policy benefits. (Exhibit "A" at ¶15).

Count III of Plaintiff's Complaint must be dismissed as a matter of law as it fails to state a claim upon which relief can be granted. Count III, whether Plaintiff is seeking recovery under the Pennsylvania Bad Faith Statute or for Common Law Insurance Bad Faith, is preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1101, *et seq*.

The United States Supreme Court has conclusively determined that a plaintiff seeking to recover for common law bad faith alleging that Defendants improperly processed a claim for benefits is prohibited from maintaining such a claim under the pre-emption provisions of ERISA. <u>Pilot Life Insurance Co. v. Dedeaux</u>, 481 U.S. 41, 107 S. Ct. 1549 (1987). The Court undertook a two part analysis; examining first whether the law "related to" insurance and second whether the law was saved

from pre-emption as a law that specifically "regulates insurance." *Id*. The Supreme Court determined

that a Plaintiff's common law bad faith cause of action "related to" an employee benefit plan

sufficiently to warrant preemption under ERISA. *Id*. The Court further determined that the Mississippi

common law of bad faith did not specifically "regulate insurance" and was thus pre-empted under

ERISA. *Id*. Regarding this second requirement, the Supreme Court stated:

> Certainly a common-sense understanding of the phrase "regulates insurance" does not support the argument that the Mississippi [common] law of bad faith falls under the saving clause. A common-sense view of the word "regulates" would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.

*Id*. The Supreme Court further opined:

> Any breach of contract, not merely breach of an insurance contract, may lead to liability for punitive damages under Mississippi law. . . the Mississippi common law of bad faith does not effect a spreading of policyholder risk. The state common law of bad faith may be said to concern "the policy relationship between the insurer and the insured." The connection to the insurer-insured relationship is attenuated at best, however. . . the common law of bad faith does not define the terms of the relationship between the insurer and the insured; it declares only that, whatever terms have been agreed upon in the insurance contract, a breach of that contract may in certain circumstances allow the policyholder to obtain punitive damages. The state common law of bad faith is therefore no more "integral" to the insurer-insured relationship than any State's general contract law is to a contract made in that State. . . .Mississippi's law of bad faith, even if associated with the insurance industry, has developed from general principles of tort and contract law available in any Mississippi breach of contract case.

*Id*. at 50 through 51.

It is against this backdrop of preemption that Plaintiff's claim for statutory bad faith must

be evaluated.

2.    Any Claim for Statutory Bad Faith Is Pre-empted Under ERISA

ERISA's preemption clause states:

> Except as set forth in subsection (b) of this section [the "savings" and "deemer" clauses], the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. §1144(a).

The United States Supreme Court described the interaction of the preemption clause with the savings and redeemer clause as follows:

> If a state law 'relate[s] to . . . employee benefit plan[s], it is preempted. 514(a). The savings clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' 514(b)(2)(A).

Pilot Life Ins. Co. V. Dedeaux, 481 U.S. 41, 45 (1987).

Thus, it must first be determined whether Pennsylvania's Bad Faith Statute, the basis Count III of Plaintiff's Complaint, "relates to" an employee benefit plan and is thus preempted. Cannon v. The Vanguard Group, Inc., No. Civ. A. 96-5495,1998 WL 512935, *3 (ED. Pa. Aug. 18, 1998) (citing, 29 U.S.C. §1144(a)).

If Pennsylvania's Bad Faith Statute relates to such a plan, then the next inquiry is whether the Bad Faith Statute is saved from preemption as determined by whether the state law regulates insurance. Id. (citing 29 U.S.C. §1144(b)(2)(A)). Since the state law here does not regulate insurance, it is preempted by ERISA.

3.    Pennsylvania's Bad Faith Statute "Relates To" An Employee Benefit Plan

ERISA's preemption clause is interpreted very broadly. Pilot Life, 481 U.S. at 45. The

United States Supreme Court has held that the enforcement provisions of ERISA are sufficiently broad to indicate a congressional intent that almost all state laws claims be preempted by ERISA. <u>Shaw v. Delta Air Lines</u>, 463 U.S. 85 (1983). In this case, plaintiffs bad faith claim pursuant to Pennsylvania's bad faith insurance statute relates to the Plan and, therefore, is preempted by ERISA.

       The phrase "relate to" has been given the broadest common sense meaning, such that a state law relates to a benefit plan if it has a connection with or reference to such a plan. <u>Rallis v. Trans World Music Corn.</u>, No. Civ. A. 93-6100, 1994 WL 96264 (E.D. Pa. 1994)(<u>citing</u>, <u>Pilot Life</u>, 481 U.S. at 45). The preemption clause is not limited solely to state laws specifically designed to affect employee benefit plans. <u>Shaw</u>, 463 U.S. at 98. The Supreme Court in <u>Pilot Life</u> held that the plaintiffs claim under Mississippi's Bad Faith Statute, similar to the state law claim in this case, "undoubtedly me[t] the criteria for pre-emption" because it related to an employee benefit plan. <u>Pilot Life</u>, 481 U.S. at 48. Here, as in <u>Pilot Life</u> Plaintiff's bad faith claim is preempted by ERISA.

       Courts in this District have uniformly held that a plaintiff's bad faith claim relates directly to the defendants' failure to provide the plaintiff benefits allegedly due under the plan and is therefore preempted by ERISA. <u>Reilly v. Keystone Health Plan East, Inc</u>., No. Civ. A. 98-CV-1648, 1998 WL 422037, *3 (E.D. Pa. July 27, 1998) ("plaintiff's bad faith claim relates to defendant's failure to provide medical treatment allegedly covered under a health benefits plan); <u>Cannon</u>, 1998 WL 512935, at *3 (plaintiff's bad faith claim relates to defendant's failure to pay long term disability benefits allegedly owed to plaintiff); <u>Clancy v. Insurance Company of America</u>, No. Civ. A. 96-1053, 1996 WL 543929, *2 (E.D. Pa. Sept. 24, 1996) (plaintiff's bad faith claim relates to defendant's failure to disability benefits allegedly due to plaintiff); <u>Rallis</u>, 1994 WL 96264, at *3 (plaintiff's bad

faith claim relates to defendant's failure to provide medical bill expense benefits allegedly due to plaintiff under an accident insurance plan. See also, Gamer v. Capital Blue Cross, 859 F. Supp. 145, 148-49 (M.D. Pa. 1994) (plaintiff's bad faith claim relates to defendant's failure to provide coverage for treatment under a health benefits plan).

In light of this uniform precedent, Plaintiff's bad faith claim relates directly to the claim that Defendant was obliged to provide the Plaintiff Short Term Disability benefits. Consequently, Plaintiff's bad faith claim shall be preempted unless is falls under the exception of the savings clause concerning laws that regulate insurance.

4.     <u>Pennsylvania's Bad Faith Statute Does Not Regulate Insurance And, Therefore, Does Not Fall Within ERISA's Savings Clause</u>

Plaintiff's bad faith claim is not a claim brought under a state law regulating insurance and therefore does not fall within ERISA's savings clause. Accordingly, Plaintiffs bad faith claim remains preempted by ERISA.

The United States Supreme Court in <u>Pilot Life</u> sets forth a two part test to determine whether a state statute falls within the savings clause: (1) the common sense test and (2) the business of insurance test. <u>Pilot Life</u>, 481 U.S. at 48.

Courts in this District have held that Pennsylvania's Bad Faith Statute is specifically directed toward the insurance industry and therefore satisfies the common sense test, <u>Clancy</u>, 1996 WL 543929, at *3. However, Pennsylvania's Bad Faith Statute must also satisfy the business of insurance test.

There are three criteria under this test: (1) the statute must have the effect of transferring

-10-

or spreading a policyholder's risk; (2) it must be an integral part of the insurer and insured's policy relationship; and (3) the statute must be limited to entities within the insurance industry. <u>Pilot Life</u>, 481 U.S. at 48-49.

The Bad Faith Statute does not meet the first two criteria. In <u>Clancy</u>, the court held that the Bad Faith Statute "is designed to penalize individual insurers for improper conduct after the fact, not transfer or spread risk. Furthermore, the Bad Faith Statute operates outside the insurer\insured relationship; it can hardly be said to be an integral part of the relationship." <u>Clancy</u>, 1996 WL 543929, *3. Numerous other District Courts have examined this issue and have consistently concluded that Pennsylvania's Bad Faith Statute does not regulate insurance and thus does not fall within the savings clause. <u>Reilly</u>, 1998 WL 422037, *3, fn 7, <u>citing</u>, <u>Negron v. Patel</u>, No. Civ. A. 97-4366, 1998 WL 240319, at *3 (E.D. Pa. May 7, 1998); <u>Ruth v. UNUM Life Ins. Co. of Am.</u>, No. Civ. A. 94-3969, 1994 WL 481246, at *5 (E.D. Pa. Sept. 6 1994); <u>Rallis</u>, 1994 WL 96264, at *3; <u>Ferry v. Mutual Life Ins. Co. of NY</u>, 868 F. Supp. 764, 770-72 (W.D. Pa. 1994); <u>Booz v. Unum Life Ins. Co.</u>, No. Civ. A. 93-2326, 1993 WL 313372, at *1 (E.D. Pa. July 29, 1993); <u>Gelzinis v. John Hancock Mut. Life Ins. Co.</u>, No. Civ. A. 93-0569, 1993 WL 131566, at *45 (ED. Pa. April 27, 1993); <u>Northwestern Inst. of Psychiatry v. Travelers Ins. Co.</u>, Civ. A. No. 92-1520, 1992 WL 331521, at *2-5 (E.D. Pa. Nov. 3, 1992).

Accordingly, Count III of Plaintiff's Complaint, bringing a claim under Pennsylvania's Bad Faith Statute, is preempted by ERISA and should be dismissed.

-11-

5.    <u>Even after the Supreme Court Decision in Rush</u>
<u>Prudential HMO v. Moran, Count III Is Preempted</u>
<u>Under the Terms of the Employment Retirement</u>
<u>Income Security Act (Erisa)</u>

The overwhelming precedent in this United States District Court for the Eastern District of Pennsylvania, even after the decision of the United States Supreme Court in <u>Rush Prudential HMO Inc., v. Moran</u>, ____ U.S. ____, 122 S. Ct. 1251 (2002), preempts claims for Statutory Bad Faith under ERISA.

In the recent decisions in the Eastern District of Pennsylvania, Judge Clarence Newcomer now stands alone in holding that the Pennsylvania Bad Faith Statute is not preempted under the terms of the Employment Retirement Income Security Act (ERISA).  <u>See</u>, <u>Rosenbaum v. Unum Life Insurance Co.</u>, 202 W.L. 176 9899 (E.D. Pa. July 29, 2002).  Since Judge Newcomer's decision, Judge Ronald L. Buckwalter has decided <u>Sprecher v. Aetna U.S. Healthcare</u>, (Exhibit "C"),  Judge Harvey Bartle has decided <u>Kirkhuff v. Lincoln Technical Institute</u>, (Exhibit "D"), Judge Michael Baylson has decided <u>Bell v. Unum Provident Corp.</u>, (Exhibit "E"), The Late Judge Jay C. Waldman decided <u>Smith v. Continental Casualty Company</u>, (Exhibit "F"), and Judge Mary A. McLaughlin has decided <u>Ellis v. Hartford Comprehensive Employee Benefits Services Company</u>, (Exhibit "G").  All five Judges have held that <u>Pilot Life Ins. Co., v. Dedeaux</u>, 481 U.S. 41 (1987), and ERISA mandate preemption of Pennsylvania Bad Faith claims.

In <u>Sprecher v. Aetna U.S. Healthcare</u>, 2002 WL 1917711 (E.D. Pa. 8/19/02), attached as Exhibit "C", Judge Ronald Buckwalter declined to follow Judge Newcomer's reasoning in <u>Rosenbaum</u>.  Judge Buckwalter expressly found that although the Pennsylvania Bad Faith Statute does

-12-

regulate insurance from a common-sense view of the matter, it does not satisfy two of the <u>McCarron-Ferguson</u> factors to show that it regulates insurance and thus is safe from preemption under ERISA's savings clause.  Judge Buckwalter found that under these factors, the Pennsylvania Bad Faith Statute does not serve to spread the policyholder's risk.  The statute also does not serve as an integral part of the policy relationship between the insurer and the insured.  Therefore, the Pennsylvania Bad Faith Statute failed two of the three <u>McCarron-Ferguson</u> factors.

The Pennsylvania Bad Faith Statute also qualified for categorical preemption as it provides an alternative remedy which is categorically preempted by ERISA as the statute provides for punitive damages and interest penalties which are not provided for under ERISA.

In <u>Kirkhuff v. Lincoln Technical Institute</u>, 2002 U.S. Dist. LEXIS 17196 (E.D. Pa. 9/6/2002), attached as Exhibit "D", Judge Harvey Bartle compares the <u>Rosenbaum</u> and <u>Sprecher</u> decisions and for almost identical reasons as Judge Buckwalter finds that the Bad Faith Statute is preempted by ERISA.

More recently, Judge Michael Baylson decided <u>Bell v. Unum Provident Corporation</u>, Civil Action No: 02-2418, September 19, 2002 (E.D. Pa.), attached as Exhibit "E".  Judge Baylson essentially adopts the reasons given by Judge Buckwalter in <u>Sprecher</u> and expressly holds that the decision by the United States Supreme Court in <u>Rush Prudential HMO Inc. v. Moran</u>, did nothing to change the rule adopted by the Supreme Court in the <u>Pilot Life v. Dedeaux</u> decision. Therefore, Judge Baylson agrees that §8371 does not "regulate insurance within the meaning of the ERISA savings clause" and is further preempted because the Pennsylvania Bad Faith Statute specifically authorizes punitive damages and interest which are separate remedies not authorized by Congress under ERISA.

-13-

Judge Waldman and Judge McLaughlin have both expressly held that it "appears doubtful" that §8371 falls within ERISA's savings clause.  However, even assuming arguendo that it does fall within the savings clause, both Judge Waldman and Judge McLaughlin hold that the Pennsylvania Bad Faith Statute is "categorically preempted by ERISA because it provides for the remedy of punitive damages which is not authorized in the civil enforcement scheme set forth in ERISA. <u>Smith v. Continental Casualty Co</u>., (Exhibit "F") and <u>Ellis v. Hartford Comprehensive Employee Benefit Services</u>, (Exhibit "G").

## III.     CONCLUSION

Plaintiff presently seeks to recover under state law contract claim, and the Pennsylvania Bad Faith Statute or for Common Law Bad Faith for the alleged inappropriate denial of short term disability benefits. These claims are clearly pre-empted under the provisions of ERISA as interpreted by both the Supreme Court and the Courts of this District.

Accordingly, Defendant, Hartford Life respectfully requests this Honorable Court to dismiss Plaintiff's Complaint by entering an Order in the form attached hereto.

**SWEENEY & SHEEHAN**

By:_____
         Barbara A. O'Connell
         Identification No. 46461
         1515 Market Street, 19th Floor
         Philadelphia, PA 19102
         (215) 563-9811
         Attorney for Defendant

-14-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO.  02-cv-3512 |

**MOTION OF DEFENDANT, HARTFORD LIFE TO DISMISS
PLAINTIFF'S COMPLAINT AS PREEMPTED BY ERISA**

     For the reasons stated in the attached Memorandum of Law in Support of Defendant, Hartford Life's Motion to Dismiss Plaintiff's Complaint as preempted by ERISA, Defendant respectfully requests this Honorable Court to grant the Motion by signing an Order in the form attached hereto.

                         **SWEENEY & SHEEHAN**


                         By:_____
                              Barbara A. O'Connell
                              Identification No. 46461
                              1515 Market Street, 19th Floor
                              Philadelphia, PA 19102
                              (215) 563-9811
                              Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL McKINNIS                 :          CIVIL ACTION
                                 :
            vs.                  :
                                 :
HARTFORD LIFE                    :          NO.  02-cv-3512

**O R D E R**

    **AND NOW**, this        day of           , 2003, it is hereby **ORDERED,**

**DECREED** and **ADJUDGED** that Defendant, Hartford Life's  Motion to Dismiss is **GRANTED**.

Accordingly, Plaintiff's Complaint is dismissed with prejudice as all claims are pre-empted by the

Employee Retirement Income Security Act (ERISA).

                                                    **BY THE COURT**:

                                     _____
                                                   J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL McKINNIS                    :          CIVIL ACTION
                                    :
              vs.                   :
                                    :
HARTFORD LIFE                       :          NO.  02-cv-3512

### CERTIFICATION OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing MOTION TO

DISMISS OF DEFENDANT, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY upon

all interested counsel by United States Mail, First Class, on the date set forth below.

**SWEENEY & SHEEHAN**


By:_____
                Barbara A. O'Connell

DATE:        October 13, 2003

**INTERESTED PARTIES**:
Adrian R. Reed, Esquire
Suite 200
2207 Chestnut Street
Philadelphia, PA 19103