IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVNIA

|  |  |
|---|---|
| MICHAEL McKINNIS : | CIVIL ACTION |
| : | |
| vs. : | |
| : | |
| HARTFORD LIFE : | NO. 02-cv-3512 |
| : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT, HARTFORD LIFE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I.  SUMMARY OF ARGUMENT

It is respectfully submitted that the demands of justice and judicial economy dictate that plaintiff be allowed to file and amended complaint setting forth an ERISA claim pursuant to 28 U.S.C.A. 1132. Defendants request for the radical remedy of dismissal with prejudice is overly harsh and could only further delay the ultimate adjudication of this matter.

II.  STATEMENT OF THE CASE

Plaintiff commenced the present action by filing a Writ of Summons with Court of Common Pleas of Philadelphia County on May 3, 2002 against Defendant, "Hartford Life". On May 31, 2003, Defendant Hartford removed this action to this Court. See 28 U.S.C.A.1001, *et seq.;* 28 U.S.C.A. 1132. The Defendant's removal and the Motion to Dismiss All Counts of Plaintiff's Complaint as Preempted by ERISA illustrate that Hartford Life has regarded this matter as involving ERISA for over a year.

Plaintiff has now filed a Complaint in the above captioned action and made proper service. The Policy of insurance for short-term disability, attached to Defendant's Motion to Dismiss All Counts of Plaintiff's Complaint as Preempted by ERISA, specifically provides that the policyholder is Worldcom, Incorporated. (Exhibits "B" at p.3). An eligible employee is defined as "[a]ll active full time employees. (Exhibit "B" at p.3). A full time employee is someone who works for the employer on a regular basis in the usual course of the employer's business. (Exhibit "B" at p.4). The Group Short Term Disability Plan is expressly identified as an ERISA plan. (Exhibits "B", at p.16).

II.  STATEMENT OF THE LAW

The interests of justice dictate that it is permissible for the court to dismiss the complaint at bar, but still allow the plaintiff leave to file an amended complaint. *Bryn Mawr Hospital v. Coatesville Elec.Supply Co., 776 F. Supp. 181 (E.D.Pa. 1991)*. It is apparent that doing so would serve the interest of justice.

Fed.R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Fed.R. Civ.P. 15(a). Courts have consistently held that the policies embodied in Rule 15(a) allow for the liberal use of amendments. *See Bechtel v. Robinson, 886 F.2d644.652 (3d Cir. 1989)* (emphasizing the "strong liberality… in allowing amendments under Rule 15(a)."). Under the prevailing standards, "[u]nless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil, 937 F.2d 859, 864 (3d Cir. 1991).*

In order to prevent a party from filing an amend complaint, the non-moving party must do more that simply claim to be prejudiced. A court will only refuse to allow an amendment if the opposing party can "show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Bechtel, 886 F.2d at 652. Cf. Foman v. Davis, 371 U.S.178,182,83 S Ct. 227,230, 9 L.Ed.2d 222 (1962).*

The defendant can show no prejudice in this case. The original complaint has put the defendants on notice of the claims the plaintiff wishes to assert. The trial date is not imminent, and discovery has not begun. Indeed, the defendants have not even filed an answer. Instead, defendant filed a pre-answer 12(b)(6) motion. For these reasons, allowing the plaintiff to file an amended complaint will not prejudice the defendants.

Fed.R.Civ.P. 15 (c) provides, in the relevant part, that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In this case, any amended complaint the plaintiff chooses to file would arise out of the same transaction which formed the basis for the original complaint will relate back to the date of filing of the original complaint.

_____
Adrian R. Reid, Esquire