IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HARTFORD LIFE | : | NO. 02-cv-3512 |

## JOINT CASE REPORT

A.    Brief Statement Describing the Facts of the Case and
      Basis for the Court's Jurisdiction

Plaintiff Michael McKinnis claims he is due short term disability benefits pursuant to a policy of short term disability insurance. His employer WORLDCOM, INC., had with Hartford Life and Accident Insurance Company (improperly named in the caption as Hartford Life).

This Court ruled on March 12, 2004 that this matter is governed by the terms of the Employment Retirement Income Security Act (ERISA) and Plaintiff filed the Amended Complaint which is currently at issue in the matter. This Court's jurisdiction over the party as well as over the matter arises from ERISA and this is a non-jury matter.

B.    Brief Statement of All Causes of Action, the Essential Elements
      of Each Cause of Action, and the Relief Sought

Plaintiff claims six months of short term disability benefits which would have been payable at a rate of approximately $475.00 per week for the time he can prove disability up to a maximum of six months.

Hartford denied him benefits as, he was not disabled from working during at any time while he was a full time employee. His employment ended on April 20, 2001. His physician, Dr. Petrone disabled him from working as of May 18, 2001. There is no information contained in the file as to how

long the period of disability extended past May 18, 2001.

The policy clearly states that Plaintiff must prove that he is disabled and that benefits were only payable during the time Plaintiff was an active full time employee at WORLDCOM. The records indicate that Plaintiff's last day worked as an active full time employee at WORLDCOM was April 20, 2001.

Further, the short term disability plan does not cover mental illness or substance abuse treatment unless one is actively under the treatment of a Physician or Surgeon.

Without proof of all of the above, Plaintiff cannot prevail in this action.

C. Brief Statement of the Defenses Asserted and the Essential Elements of Each Affirmative Defense

This is an ERISA case. The policy at issue gives "full discretion and authority to determine eligibility for benefits to construe and interpret all terms and provisions of the group insurance policy" to Hartford Life and Accident Insurance Company. Therefore, the well accepted standard of review is that this Court may only reverse the decision of Hartford if it finds that the decision was arbitrary and capricious. There is nothing in this matter to suggest that any action taken by Hartford Life and Accident Insurance Company was arbitrary and capricious.

D. Whether the Parties Have Complied With the Disclosure Requirements of F.R.C.P. 26(a)(1)

Plaintiff's Initial Disclosures will be served on Defendant on or about October 7, 2004. Defendant's Initial Disclosures have been served on Plaintiff.

E. The Date By Which Parties Anticipate All Discovery Will Be Completed

As this is an ERISA matter, there is no discovery that would be relevant or permissible under

the standards of review.

F.   **Whether All Parties Have Been Properly Joined**

It is not anticipated that any additional parties would be joined.

G.   **Whether Settlement Negotiations Have Taken Place**

Defendant has requested Plaintiff formulate a settlement position however, to date, no settlement demand has been made.

H.   **List of Counsel Who Will Be Attending the Settlement Conference**

On behalf of Plaintiff:   Adrian R. Reid, Esquire

On behalf of Defendant:   Barbara A. O'Connell, Esquire

Respectfully submitted,

_____            _____
Adrian Reid, Esquire                                  Barbara A. O'Connell, Esquire
Attorney for Plaintiff                                  Attorney for Defendant