# EXHIBIT "A"

ADRIAN R. REID, ESQUIRE
200 CHESTNUT STREET
SUITE 200
PHILADELPHIA, PA 19103          ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL McKINNIS                 CIVIL ACTION

    Vs.

HARTFORD LIFE                    NO.: 02-CV-3512

## PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO THIS COURT"S ORDER OF MARCH 12 2004

AND NOW, comes the Plaintiff, Michael Mckinnis, by and through his undersigned counsel, and avers as follows:

### Preliminary Statement

This action arises pursuant Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, and more particularly § 1132 (a)(1)(b) thereof.

### Jurisdiction

This court has jurisdiction over this matter pursuant to U.S.C §1132(e). It is also conferred jurisdiction by 28 U.S.C §1332(a)(1)( ).

1. At all times relevant hereto, Plaintiff Michael Mckinnis is an adult individual and citizen of the Commonwealth of Pennsylvania.

2. Defendant Hartford Life Insurance Company is an insurance company under the laws of the State of Pennsylvania and has its principal place of business in the Commonwealth of Pennsylvania.

3. At all times relevant hereto, Plaintiff, Michael Mckinnis was employed by Worldcom, Inc.

4. At all times relevant hereto, Worlcom., Inc., has a Short-Term Disability Group insurance policy with Hartford Life.

5. The Policy number was 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.

6. In May of 2000 Plaintiff made a claim for Short-Term Disability under the policy.

7. Plaintiff provided the proper medical evidence for the claim including documentation of stress, anxiety and substance abuse.

8. Defendant wrongfully denied the claim and has to this day wrongfully withheld the benefits due him.

## COUNT I

### BREACH OF CONTRACT IN VIOLATION OF ERISA

9. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth herein length.

10. Defendant is plan administrator and fiduciary of the disability plan in question.

11. Despite Plaintiff's repeated oral and written requests, Defendant has failed to provide Plaintiff with the benefits due him under his terms of the policy and plan.

12. As a result of, and relying upon, his reasonable belief that he was insured against a disabling injury, and having not been advised o the contrary by defendant, plaintiff relied to his detriment

13. Plaintiff has made a proper demand upon Defendant for payment of benefits under the aforesaid policy and has not received same to date.

14. Defendant, by and through its agents, servants, workmen and employees, without good cause and in breach of its fiduciary duty, failed and refused and continues to fail and refuse to pay benefits.

15. The disability coverage afforded was intended to provided funds for food, shelter, medical expenses and other necessities for insured Plaintiff and defendant in the event that Plaintiff became disabled.

16. Plaintiff's disability prevented him from providing for such needs himself, and disability payments due to Plaintiff under the plan and policy were the sole source of income for the plaintiff and his family.

17. Defendant has failed to provide Plaintiff with the benefits due him, which is in violation of the ERISA law and regulations and is in breach of Defendant's fiduciary duty.

WHEREFORE, plaintiff is entitled to relief pursuant to ERISA, including but not limited to payment of benefits due with interest, payment of attorneys' fees and costs.

Adrian R. Reid, Esquire
Attorney for Plaintiff