# EXHIBIT "B"

**Answers to Complaints**
2:02-cv-03512 MCKINNIS v. HARTFORD LIFE **CASE CLOSED on 03/12/2004**

United States District Court

Eastern District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from O'CONNELL, BARBARA A. entered on 6/18/2004 at 1:31 PM EDT and filed on 6/18/2004
Case Name:       MCKINNIS v. HARTFORD LIFE
Case Number:     2:02-cv-3512
Filer:           HARTFORD LIFE
WARNING: CASE CLOSED on 03/12/2004
Document Number: 15

Docket Text:
ANSWER to Amended Complaint by HARTFORD LIFE.(O'CONNELL, BARBARA)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1001600548 [Date=6/18/2004] [FileNumber=849795-0]
[468b7d53da1a329bb6deee35077cbd23ef593e6750b26da54ae5ed6f07173790d353
10e2468d8fd7c77cc53b31ae6b19244a2cd2a83fa1d37a598b5ff703670f]]

2:02-cv-3512 Notice will be electronically mailed to:

2:02-cv-3512 Notice will be delivered by other means to:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| vs. | : | |
| HARTFORD LIFE | : | NO. 02-cv-3512 |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

AND NOW, the Defendant by and through its counsel, Sweeney and Sheehan hereby respond to Plaintiff's First Amended Complaint as follows:

### PRELIMINARY STATEMENT

It is admitted only that this action is governed by the terms of the Employment Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §101 et. seq.

### JURISDICTION

It is admitted only that this court has jurisdiction over this matter pursuant to ERISA, 29 U.S.C. §101, et. seq.

1. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph one of Plaintiff's First Amended Complaint and, consequently, denies the same.

2. Denied. It is expressly denied that the appropriate defendant in this matter is Hartford Life Insurance Company. To the contrary, the appropriate named defendant in this matter should be Hartford Life and Accident Insurance Company. It is denied that Hartford Life and Accident Insurance

Company is a Pennsylvania corporation or has its principal place of business in the Commonwealth of Pennsylvania. To the contrary, Defendant Hartford Life and Accident Insurance Company is a corporation organized and existing under the laws of the state of Connecticut having a principal place of business at 200 Hopmeadow Street, Simsbury, CT.

3. Denied. It is expressly denied that at the time of his disability, Plaintiff Michael McKinnis was employed by Worldcom Incorporated To the contrary, Plaintiff Michael McKinnis' employment with Worldcom ended on or around April 20, 2001. At the time of the onset of his alleged disability, he was not an active full time employee of Worldcom Incorporated. By the date of his onset of alleged disability, he had ceased to be an active full time employee in a class eligible for short term disability benefits.

4. Admitted.

5. Denied. The policy number of the applicable policy is GRH/GLT-673565.

6. Admitted.

7. Denied. At no time did the proof of disability documentation provided show total disability as required under the policy as of Plaintiff's last day of active full time employment.

8. Denied.

### COUNT I

### ERISA (INCORRECTLY STYLED AS BREACH OF CONTRACT IN VIOLATION OF ERISA)

9. Defendant hereby incorporates by reference its answers to paragraphs 1-8 above as if fully set forth herein at length.

10. Denied. MCI Worldcom Incorporated is the Plan Administrator of the disability plan

in question. Hartford Life and Accident Insurance Company is the Claim Administrator of the ERISA plan in question. It is expressly denied that Hartford Life and Accident Insurance Company is a "fiduciary" of the disability plan in question.

11. Denied. At no time did Plaintiff submit the required proof of total disability as of his last day of active full time employment, therefore no benefits are due and payable under the terms of the policy.

12. Denied. It is expressly denied that Plaintiff showed proof of a disabling injury to qualify him for benefits under the short term disability policy. The balance of this paragraph is denied as a conclusion of law. To the extent there are facts alleged in this paragraph, they are expressly denied and strict proof is demanded at the time of trial.

13. Denied. It is expressly denied that Plaintiff showed proof of a disabling injury to qualify him for benefits under the short term disability policy. The balance of this paragraph is denied as a conclusion of law. To the extent there are facts alleged in this paragraph, they are expressly denied and strict proof is demanded at the time of trial.

14. Denied. It is expressly denied that Hartford Life and Accident Insurance Company is a "fiduciary" in the instant matter. It is further expressly denied that Hartford, by and through any of its agents, servants, workman or employees acted improperly in the denial of short term disability benefits to Plaintiff under the facts of this matter.

15. Denied.

16. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph sixteen of Plaintiff's First Amended Complaint and, consequently, denies the same.

17. Denied.

**WHEREFORE**, Answering Defendant prays this Honorable Court enter judgment in its favor and against the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to the provisions of the Employment Retirement Income Security Act (ERISA), 42 U.S.C. §1144 et. seq. which bars or limits Plaintiff's cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to provide proof of disability and therefore has not fulfilled the requirements under the policy of insurance to qualify for disability payments.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant has at all times acted with reasonableness and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial as there is no right to a jury trial under the Employment Retirement Income Security Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Hartford Life and Accident Insurance Company at all times acted properly.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages, which is specifically denied, then such damages were caused by others and, not caused by answering defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims in Plaintiff's First Amended Complaint are or may be barred by the applicable Statute of Limitations.

### NINTH AFFIRMATIVE DEFENSE

All claims raised by Plaintiff in his First Amended Complaint are barred by estoppel, waiver and/or laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is liable for no damages, including punitive damages.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed, if any, to the Plaintiff.

**WHEREFORE**, Answering Defendant prays this Honorable Court enter judgment in their favor and against the Plaintiff.

SWEENEY & SHEEHAN

By: _/s/ Barbara A. O'Connell_
Barbara A. O'Connell
Identification No. 46461
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McKINNIS | : | CIVIL ACTION |
| vs. | : | |
| HARTFORD LIFE | : | NO. 02-cv-3512 |

### CERTIFICATION OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT upon all interested counsel by United States Mail, First Class, on the date set forth below.

SWEENEY & SHEEHAN

By: _____
Barbara A. O'Connell

DATE:     June 18, 2004

**INTERESTED PARTIES**:
Adrian R. Reid, Esquire
2207 Chestnut Street
Suite 200
Philadelphia, PA 19103